**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**213 MANAGEMENT LLC,**

Plaintiff,

v.

**NANXIANG SOUP DUMPLING INC. and LINDA DONG,**

Defendants.

Case No. ____________

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff 213 Management LLC ("Plaintiff"), by and through its undersigned attorneys, brings this action against Defendants Nanxiang Soup Dumpling Inc. and Linda Dong (collectively, "Defendants") for trademark infringement, false association, cybersquatting, and deceptive trade practices, and alleges as follows.

## NATURE OF THE CASE

1. This is a case of brazen and willful trademark infringement.

2. For nearly twenty years, Plaintiff 213 Management has built its restaurant chain—Nan Xiang Soup Dumplings, also referred to by the Chinese-language direct translation Nan Xiang Xiao Long Bao—into a nationally recognized brand, renowned for its authentic Shanghainese soup dumplings and repeatedly honored in the prestigious Michelin Guide.

Plaintiff has expended substantial time and resources creating an enormously successful business and earning consumer recognition of, and trust in, its quality products offered under its Nan Xiang Soup Dumplings name.

3. To protect the valuable goodwill it has generated in the Nan Xiang Soup Dumpling name, Plaintiff has obtained federal trademark registrations for several iterations of NAN XIANG SOUP DUMPLINGS (collectively, the "NAN XIANG Marks").

4. Defendants seek to improperly profit from the goodwill in the NAN XIANG Marks that Plaintiff has worked tirelessly to earn. Defendants recently opened their own restaurant bearing the NAN XIANG SOUP DUMPLINGS name. Defendants' intent to profit off Plaintiff's trademarks is clear. Beyond copying the name itself, Defendants' signage, website, and promotional materials incorporate components of Plaintiff's trademarks and deploy the same crimson-and-white color scheme used throughout Plaintiff's businesses. Each of these is likely to lead to consumer confusion.

5. All the more problematic, consumer reviews on Google and social media complain of the poor quality of Defendants' food and service, substantially harming the goodwill Plaintiff has generated in the NAN XIANG Marks. At least one of those negative reviews indicates actual

consumer confusion, in which a customer conflates Defendants' restaurant with Plaintiff's Nan Xiang Soup Dumplings restaurant brand.

6. Plaintiff has demanded that Defendants cease and desist from all use of the NAN XIANG Marks, but Defendants have ignored Plaintiff's demands, forcing Plaintiff to commence this action to vindicate its rights.

## THE PARTIES

7. Plaintiff 213 Management LLC is a New York limited liability company with its principal place of business at 3808 Union Street, Suite 2B, Flushing, New York 11354.

8. Defendant Nanxiang Soup Dumpling Inc. is a Florida corporation with its principal place of business at 7688 49th Street N, Pinellas Park, Florida 33781.

**9.** Upon information and belief, Defendant Linda Dong is an individual doing business in Pinellas Park, Florida, and is the President of Defendant Nanxiang Soup Dumpling Inc., directing, controlling, and personally participating in its infringing conduct.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under federal law, specifically, the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

12. This Court has personal jurisdiction over Defendants because Defendant Nanxiang Soup Dumpling Inc. is a Florida corporation organized under the laws of the State of Florida and maintains its principal place of business within the Middle District of Florida, and Defendant Linda Dong conducts business within this judicial district, including operating the infringing restaurant at 7688 49th Street N, Pinellas Park, Florida 33781.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant Nanxiang Soup Dumpling Inc. resides in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### *A. Plaintiff's Trademark Rights and Goodwill*

14. Plaintiff has owned and operated the award-winning Nan Xiang Soup Dumplings restaurants (the "Nan Xiang Restaurants") since 2006. Over nearly twenty years, Plaintiff has built the Nan Xiang Restaurants into a nationally recognized brand synonymous with sought-after soup dumplings and authentic Shanghainese cuisine.

15. Plaintiff currently operates sixteen Nan Xiang Restaurant locations nationwide, with an additional eight locations scheduled to open imminently.

16. The Nan Xiang Restaurants have repeatedly been featured in the renowned Michelin Guide, among various other international, national, and local publications, such that there is substantial consumer recognition of the Nan Xiang Soup Dumplings name.

17. Plaintiff promotes the Nan Xiang Restaurants and details the restaurant services it offers on its website <nanxiangxiaolongbao.com>. Plaintiff also owns the English language version of the domain, <nanxiangsoupdumplings.com>, which reroutes to Plaintiff's <nanxiangxiaolongbao.com> website.

18. Plaintiff also promotes its Nan Xiang Restaurants through Google, social media, and other online platforms, including food delivery services. For example, its Instagram account is @nanxiangsoupdumplings, available at <instagram.com/nanxiangsoupdumplings>.

19. In connection with the Nan Xiang Restaurants, Plaintiff holds several federally registered trademarks (collectively, the "NAN XIANG Marks"), including, without limitation:

| Mark | Reg. No. | Goods/Services |
|---|---|---|
| **NAN XIANG SOUP DUMPLINGS**<br>(the "NAN XIANG SOUP DUMPLINGS Mark") | 6,577,482 | IC 43: Restaurant Services |
| **NAN XIANG XIAO LONG BAO** | 6,471,500 | IC 43: Restaurant services; Restaurant services, including sit-down service of food and take-out restaurant services |
| **NANXIANG XIAO LONG BAO** | 8,191,168 | IC 43: Restaurant services; Snack-bar services |
| 南翔小籠包<br>Nan Xiang Xiao Long Bao | 6,471,499 | IC 43: Restaurant services; Restaurant services, including sit-down service of food and take-out restaurant services |
| 南翔<br>Nan Xiang | 8,420,409 | IC 43: Restaurant services; Take-out restaurant services; Food preparation services; Preparation and provision of food and drink for consumption on and off the premises; Restaurant reservation services; Restaurant information services; Catering services |

20. Plaintiff's registrations for the NAN XIANG Marks are annexed hereto as Exhibit A.

21. Plaintiff's NAN XIANG Marks are widely recognized by consumers as indicating Plaintiff's Nan Xiang Restaurants. Consumers are also familiar with the crimson-and-white color scheme utilized throughout

the Nan Xiang Restaurants as well as on the restaurant menus, packaging, and websites.

***B. Defendants' Infringing Conduct***

22. In or about August 2026, long after Plaintiff first used the NAN XIANG Marks, Defendant Nanxiang Soup Dumpling Inc. opened a restaurant under the name NAN XIANG SOUP DUMPLINGS, a name indistinguishable from Plaintiff's NAN XIANG SOUP DUMPLINGS mark. Defendants lack any affiliation with or authorization from Plaintiff to use that mark or any other of the NAN XIANG Marks.

23. Not only have Defendants usurped Plaintiff's NAN XIANG SOUP DUMPLINGS Mark by selecting an identical name for their restaurant, but, additionally, Defendants' logo for their restaurant, as displayed on the restaurant's exterior signage and on Defendants' website, uses several of the exact same Chinese characters that are incorporated into several of the NAN XIANG Marks. Defendants not only offer the same restaurant services as those offered by Plaintiff under the NAN XIANG Marks but also offer a similar cuisine.

24. Defendants promote their restaurant through the website, located at <nanxiangsoupdump.com>, a truncated version of Defendants' restaurant's name—and of Plaintiff's restaurant name and NAN XIANG

Marks. Defendants could not obtain the domain name incorporating the complete Nan Xiang Soup Dumplings name because it was already owned by Plaintiff.

25. Defendants also promote their restaurant through the Instagram account @nanxiangsoupdumpling, available at <instagram.com/nanxiangsoupdumpling>. That account handle is nearly identical to Plaintiff's @nanxiangsoupdumplings handle on Instagram.

26. Defendants also use a logo that bears Chinese characters that are incorporated into several of Plaintiff's NAN XIANG Marks in the same crimson-and-white color scheme that Plaintiff uses across its restaurants. For example, a recent post to Defendants' Instagram account (@nanxiangsoupdumpling) includes a nearly identical replication of one of the NAN XIANG Marks in the very same color scheme employed by Plaintiff, as pictured on the following page.

**<u>Defendants' Instagram Post</u>:** **<u>Reg. No. 8,420,409</u>:**




南翔

Nan Xiang

27. Other social media posts indicate that Defendants incorporate the same logo into its packaging, also alongside the NAN XIANG SOUP DUMPLING Mark.

28. In addition to the website and social media, Defendants also promote their restaurant services on Google and on other online platforms, including food delivery services.

29. Defendants' uses of the NAN XIANG Marks, including the NAN XIANG SOUP DUMPLING Mark that is identical to Plaintiff's, are not authorized by Plaintiff, infringe upon Plaintiff's rights in the NAN XIANG

Marks, and are highly likely to cause consumer confusion as to the source, origin, sponsorship, or affiliation of Defendants' goods and services.

30. Defendants' uses of the NAN XIANG Marks also harm Plaintiff's valuable goodwill, particularly in light of the poor quality of Defendants' food and service.

31. As an example, one reviewer on Google explicitly confused Defendants' restaurant with the Nan Xiang Restaurants, stating that: "The wontons were disappointing because the wrappers were far too thick. Overall, the food didn't taste authentic, ***and it really doesn't live up to the Nanxiang name or reputation***."[1]

32. Other Google reviews echo complaints regarding the poor quality of Defendants' products, describing the food at their restaurant as follows:

a. "The absolute worst food I have ever paid for. When my husband opened one of his dumplings I literally thought he had a bowel movement at the table it smelled so bad, like completely rotten meat. Egg rolls awful. We literally all feel sick tonight after eating there."

[1] *See* Exhibit B, annexed hereto.

b. "I was disappointed with the food. The soup dumplings tasted frozen rather than freshly made, and they didn't taste like authentic xiaolongbao. The wontons were also disappointing: the wrappers were very thick, and the broth tasted like soy sauce mixed with water. Overall, it wasn't worth trying."

c. "Frozen dumplings, not fresh."

d. "Food sucks."[2]

33. Similar consumer sentiments have been expressed in comments on Defendants' Instagram page, with one user describing their visit to Defendants' restaurant as involving "[o]ne of the most disgusting meals I've ever had," and remarking, "There is no way anyone likes this place…"

34. Consumers have also remarked on the off-putting nature of Defendants' use of AI-generated images of food in advertisements, rather than images of Defendants' actual products, remarking, "don't use AI" and "why use AI when you can post your own pictures?"[3]

---

[2] *See* Exh. B.

[3] *See* Exhibit C, annexed hereto.

35. Upon information and belief, consumers have called out Defendants' practice of using AI-generated images because it is viewed as misleading and suggests that authentic photographs of Defendants' own food may be less appetizing. This presumption also serves to harm the goodwill Plaintiff has worked to generate in the NAN XIANG Marks.

***C. Plaintiff's Cease and Desist Letter and Defendants' Failure to Respond***

36. On August 21, 2026, Plaintiff sent a cease-and-desist letter to Defendants demanding that they immediately and permanently cease and desist from all uses of the NAN XIANG Marks and any marks confusingly similar to them. Plaintiff requested a response from Defendants by September 4, 2026.

37. Defendants did not respond by the date requested, and to this day have declined to engage at all with Plaintiff.

38. Defendants have also failed to take any actions to curb their infringement in response to Plaintiff's letter.

39. Instead, Defendants have continued to use the NAN XIANG Marks after receiving Plaintiff's letter, both by continuing to operate its restaurant under the NAN XIANG SOUP DUMPLINGS name and in advertising for the restaurant, with full knowledge of Plaintiff's rights in the NAN XIANG Marks.

### D. *Defendant Linda Dong's Individual Liability*

40. The Articles of Incorporation for Nanxiang Soup Dumpling Inc. identify Linda Dong as the corporation's President, Registered Agent, and Incorporator.[4]

41. As President of Nanxiang Soup Dumpling Inc., Linda Dong has control over that corporation.

42. Upon information and belief, Ms. Dong receives a direct financial benefit from her co-defendant's use of the NAN XIANG Marks and the related domain name.

43. Upon information and belief, Ms. Dong either directed her co-defendant to use or continue using the NAN XIANG Marks and related domain name, assisted or encouraged it to do so, or is the moving force behind this infringing activity.

44. Ms. Dong is thus individually liable for the infringing activity and improper dealings alleged herein.

---

[4] *See* Exhibit D, annexed hereto.

## CLAIMS FOR RELIEF

## COUNT I
**Federal Trademark Infringement, 15 U.S.C. § 1114**

45. Plaintiff repeats and realleges paragraphs 1-44 as if fully set forth herein.

46. Plaintiff is the owner of valid trademark registrations in the NAN XIANG Marks and has continuously used them throughout the United States.

47. Without the authorization or consent of Plaintiff, Defendants are using Plaintiff's NAN XIANG Marks in connection with their restaurant services.

48. Defendants' use of the NAN XIANG Marks is likely to harm the public by misleading consumers into concluding that Defendants' goods and services originate with or are authorized or sponsored by Plaintiff.

49. Defendants' conduct also has caused and will continue to cause harm to Plaintiff, including by causing Plaintiff to lose control over its valuable goodwill.

50. Defendants' conduct constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

51. Upon information and belief, Defendants have used the NAN XIANG Marks with the intention of misleading, deceiving or confusing

consumers as to the origin of their goods and services and of trading on Plaintiff's goodwill.

52. Defendants' conduct has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff for which it has no adequate remedy at law, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116, which includes, without limitation, an order directing Defendants cease all use of the NAN XIANG Marks for services, products, and in advertising and destroy all materials bearing the same.

53. Plaintiff has been, and will likely continue to be, damaged by Defendants' conduct in an amount to be determined at trial. Defendants' intentional, deliberate, and willful use of the NAN XIANG Marks, with knowledge of Plaintiff's rights in the NAN XIANG Marks, renders this case exceptional, entitling Plaintiff to an enhanced award of damages as well as reasonable attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117(a).

**COUNT II**
**Trademark Counterfeiting, 15 U.S.C. §§ 1114 & 1127**
**(in the alternative to Count I)**

54. Plaintiff repeats and realleges paragraphs 1-44 as if fully set forth herein.

55. Plaintiff is the owner of a valid trademark registration in the NAN XIANG SOUP DUMPLINGS Mark and has continuously used it throughout the United States.

56. Without the authorization or consent of Plaintiff, Defendants are using Plaintiff's NAN XIANG SOUP DUMPLINGS Mark in connection with their restaurant services.

57. Defendants' use of the NAN XIANG SOUP DUMPLINGS Mark is likely to harm the public by misleading consumers into concluding that Defendants' goods and services originate with or are authorized or sponsored by Plaintiff.

58. Defendants' conduct also has caused and will continue to cause harm to Plaintiff, including by causing Plaintiff to lose control over its valuable goodwill.

59. Defendants' conduct constitutes trademark counterfeiting pursuant to 15 U.S.C. §§ 1114 & 1127.

60. Upon information and belief, Defendants have used the NAN XIANG SOUP DUMPLINGS Mark with the intention of misleading, deceiving or confusing consumers as to the origin of their goods and services and of trading on Plaintiff's goodwill.

61. Defendants' conduct has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff for which it has no adequate remedy at law, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116, which includes, without limitation, an order directing Defendants cease all use of the NAN XIANG SOUP DUMPLINGS Mark for services, products, and in advertising and destroy all materials bearing the same.

62. Plaintiff has been, and will likely continue to be, damaged by Defendants' conduct in an amount to be determined at trial. Defendants' intentional, deliberate, and willful use of the counterfeit NAN XIANG SOUP DUMPLINGS Mark entitles Plaintiff, at its election, to recovery of (i) treble Defendants' profits from the use of that mark, or treble Plaintiff's damages, whichever is greater (15 U.S.C. § 1117(b)); or (ii) statutory damages of up to $2,000,000 (15 U.S.C. § 1117(c)(2)), as well as reasonable attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117(b).

## COUNT III
**False Association, 15 U.S.C. § 1125(a)**

63. Plaintiff repeats and realleges paragraphs 1-44 as if fully set forth herein.

64. The NAN XIANG Marks are valid legally protectable marks owned by Plaintiff, which Plaintiff has continuously used throughout the United States.

65. Without the authorization or consent of Plaintiff, Defendants are using Plaintiff's NAN XIANG Marks in connection with their restaurant services.

66. Defendants' use of the NAN XIANG Marks is likely to cause confusion, mistake, and deception regarding an affiliation, connection, or association of Defendants with Plaintiff as well as to the origin, sponsorship, or approval of Defendants' restaurant services.

67. Defendants' conduct has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff for which it has no adequate remedy at law, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116, which includes, without limitation, an order directing Defendants cease all use of the NAN XIANG Marks for services, products, and in advertising and destroy all materials bearing the same.

68. Plaintiff has been, and will likely continue to be, damaged by Defendants' conduct in an amount to be determined at trial. Defendants' intentional, deliberate, and willful use of the NAN XIANG Marks, with knowledge of Plaintiff's rights in the NAN XIANG Marks, renders this case exceptional, entitling Plaintiff to an enhanced award of damages as well as reasonable attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117(a).

**COUNT IV**
**Cybersquatting, 15 U.S.C. § 1125(d)**

69. Plaintiff repeats and realleges paragraphs 1-44 as if fully set forth herein.

70. Plaintiff's NAN XIANG SOUP DUMPLINGS Mark is distinctive and famous within the meaning of 15 U.S.C. § 1125(d).

71. Defendants have registered and use the domain name <nanxiangsoupdump.com>, which is a truncated version of Plaintiff's NAN XIANG SOUP DUMPLINGS Mark and confusingly similar.

72. Defendants have no legitimate intellectual property rights in the name "Nan Xiang Soup Dumplings" which infringes upon Plaintiff's NAN XIANG Marks and use the <nanxiangsoupdump.com> domain to divert consumers seeking Plaintiff's services to Defendants' competing

restaurant for commercial gain. Accordingly, Defendants acquired and have used, and continue to use, the domain with a bad faith intent to profit.

73. Defendants' acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

74. Pursuant to 15 U.S.C. § 1117(d), Plaintiff is entitled to statutory damages of up to $100,000 per infringing domain name.

75. Defendants' conduct has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff for which it has no adequate remedy at law, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116, which includes, without limitation, an order directing Defendants cease all use of the NAN XIANG Marks for services, products and in advertising and destroy all materials bearing the same.

76. Defendants' intentional, deliberate, and willful use of the NAN XIANG Marks, with knowledge of Plaintiff's rights in the NAN XIANG Marks, renders this case exceptional, entitling Plaintiff to its reasonable attorneys' fees and costs incurred in connection with this action pursuant to 15 U.S.C. § 1117(a).

**COUNT V**
**Deceptive and Unfair Trade Practices, Fla. Stat. § 501.204 (FDUTPA)**

77. Plaintiff repeats and realleges paragraphs 1-44 as if fully set forth herein.

78. Defendants' unauthorized use of Plaintiff's NAN XIANG Marks is a deceptive trade practice that harms consumers. Upon information and belief, Defendants have used the NAN XIANG Marks with the intention of misleading, deceiving or confusing consumers as to the origin of their goods and services and of trading on Plaintiff's goodwill.

79. Defendants' conduct is likely to mislead consumers acting reasonably under the circumstances into believing that Defendants' restaurant is affiliated with, authorized by, or connected to Plaintiff and its Nan Xiang Restaurants.

80. Defendants' unauthorized use of Plaintiff's NAN XIANG Marks is an unfair trade practice in that it is immoral, unethical, and injures consumers as well as Plaintiff's business.

81. As a direct and proximate result of Defendants' deliberate and willful deceptive and unfair conduct, Plaintiff has been, and will likely continue to be, damaged, including through substantial injury to, and its loss of control over, the goodwill it has built in its NAN XIANG Marks and in the form of lost profits.

82. Pursuant to Fla. Stat. § 501.211, Plaintiff is entitled to recover its attorney's fees and costs in addition to its actual damages.

83. Defendants' conduct has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Plaintiff for which it has no adequate remedy at law, entitling Plaintiff to injunctive relief pursuant to Fla. Stat. § 501.211, which includes, without limitation, an order directing Defendants cease all use of the NAN XIANG Marks for services, products and in advertising and destroy all materials bearing the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff 213 Management LLC respectfully prays that this Court enter judgment in its favor and against Defendants Nanxiang Soup Dumpling Inc. and Linda Dong:

a) Preliminarily and permanently enjoining Defendants, their officers, agents, employees, and attorneys, and all others in active concert or participation with them, from directly or indirectly using the NAN XIANG Marks or any confusingly similar mark in commerce, such as "Nan Xiang Soup Dumplings" or "Nan Xiang Soup Dumpling", including on or in connection with the following: (i) the name of a business or restaurant; (ii) interior and exterior signage; (iii) artwork

or décor; (iv) plates, bowls, cups, mugs, saucers or serviceware; (v) placemats or chargers; (vi) food and beverage packaging, bags, or labels; (vii) paper products, including napkins; (viii) utensils and chopsticks; (ix) physical and digital menus; (x) employee uniforms and name tags; (xi) food delivery and other vehicles; (xii) restaurant merchandise; (xiii) websites; (xiv) online ordering platforms; (xv) social media accounts (including, without limitation, the Instagram account @nanxiangsoupdumpling) and social media posts; (xvi) Google maps listings; and (xvii) restaurant or business directories;

b) Requiring Defendants to:

(i) account for and pay over to Plaintiff all profits wrongfully derived by Defendants from their infringement of the NAN XIANG Marks and that such profits be enhanced subject to principles of equity in accordance with 15 U.S.C. § 1117(a);

(ii) pay to Plaintiff such damages as have been suffered by Plaintiff as a result of Defendants' infringement and that such damages be enhanced subject to principles of equity in accordance with 15 U.S.C. § 1117(a);

(iii) account for and pay over to Plaintiff all profits wrongfully derived by Defendants from their counterfeiting of the NAN

XIANG SOUP DUMPLINGS Mark and that such profits be trebled in accordance with 15 U.S.C. § 1117(b), or alternatively, pay to Plaintiff statutory damages of up to $2,000,000, in accordance with 15 U.S.C. § 1117(c)(2);

(iv) pay to Plaintiff such damages as have been suffered by Plaintiff as a result of Defendants' counterfeiting and that such damages be trebled in accordance with 15 U.S.C. § 1117(b), or alternatively, pay to Plaintiff statutory damages of up to $2,000,000, in accordance with 15 U.S.C. § 1117(c)(2);

(v) pay to Plaintiff statutory damages of $100,000 in accordance with 15 U.S.C. § 1117(d);

(vi) pay to Plaintiff the costs of this action, together with Plaintiff's reasonable attorneys' fees and disbursements in accordance with 15 U.S.C. § 1117 and Fla. Stat. § 501.211;

(vii) cease use of and transfer the <nanxiangsoupdump.com> domain, and any other domains which contain the NAN XIANG Marks or any confusingly similar mark, to Plaintiff;

(viii) permanently change all business and restaurant names that consist of or contain the NAN XIANG Marks or any confusingly similar mark;

(ix) remove all exterior and interior signage at Defendants' physical locations and on any associated vehicles, artwork, and décor bearing the NAN XIANG Marks or any confusingly similar mark;

(x) destroy all materials, including plates, bowls, cups, mugs, saucers, serviceware, placemats, chargers, packaging, labeling, bags, paper products, napkins, utensils, chopsticks, physical menus, employee uniforms, employee name tags, merchandise and physical directories, that use the NAN XIANG Marks or any confusingly similar mark;

(xi) permanently delete all digital menus, websites, online ordering profiles, social media accounts, social media posts, Google maps listings, and digital restaurant or business directory listings that use the NAN XIANG Marks or any confusingly similar mark; and

(xii) file with this Court and serve on Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of any injunction entered by the Court, in accordance with 15 U.S.C. § 1116; and

c) Granting such other and further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated: October 20, 2026

**K&L GATES LLP**

*/s/ Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No. 956872
Jonathan.Morton@klgates.com
One Biscayne Tower
2 S Biscayne Blvd., Suite 1900
Miami, Florida 33131
Tel: (305) 539-3300
Fax: (305) 358-7095

*Lead Counsel for Plaintiff, 213 Management LLC*

-and-

**LOEB & LOEB LLP**
Frank D'Angelo (*pro hac vice pending)*
fdeangelo@loeb.com
Sarah Levitan Perry (*pro hac vice pending)*
sperry@loeb.com
345 Park Avenue
New York, NY 10154
Telephone: 212-407-4000
Facsimile: 212-407-4990